UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL L. JOYE,

       Plaintiff,

vs.

                                 Case No. 06-CV-11929
                                 HON. GEORGE CARAM STEEH

FAMILY DOLLAR STORES, INC.,

       Defendant.

_____/

## ORDER EXTENDING SUMMONS THROUGH SEPTEMBER 22, 2006
## AND REQUIRING PLAINTIFF TO SHOW CAUSE BY SEPTEMBER 22, 2006
## WHY THIS LAWSUIT SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION

      Plaintiff Samuel Joye, appearing pro per, filed a four-page Complaint on April 25, 2006, alleging that defendant Family Dollar Stores, Inc. is liable for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and "the Whistleblowers Act," relative to Joye's employment and eventual discharge on November 10, 2003.  Plaintiff's initial request for entry of default was denied on August 9, 2006 for failure to file a return of service.  Plaintiff's second request for entry of default was denied on August 24, 2006 on plaintiff's failure to file proof of service in proper form.  A "RETURN OF SERVICE" filed by plaintiff on August 24, 2006 indicates that a copy of the summons and complaint was delivered by certified mail to "Family Dollar Stores. Inc.," located at 23201 John R. Rd., Hazel Park, Michigan, 48030.

      The clerk is authorized to enter a defendant's default only when it is made to appear by affidavit or otherwise that the defendant has failed to plead or to otherwise defend as required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 55(a).  A defendant is required by the Federal Rules of Civil Procedure to plead or otherwise defend by filing and

serving an answer or motion to dismiss within 20 days after being served with the summons and complaint, unless service has been waived under Rule 4(d). Fed. R. Civ. P. 12(a)(1).

To accomplish service, a summons and a copy of the complaint must be served by the plaintiff on the defendant. Fed. R. Civ. P. 4(c)(1). Service of process upon a corporation within this federal judicial district may be made pursuant to the Michigan Court Rules, or by delivering a summons and copy of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. Fed. R. Civ. P. 4(h)(1). Under the Michigan Court Rules, service of process on a corporation may be made by: serving a summons and copy of the complaint on an officer or the resident agent; serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and copy of the complaint by registered mail, addressed to the principal office of the corporation; serving a summons and copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business; or by sending a summons and copy of the complaint to the corporation or an appropriate corporate officer and to the Michigan Corporation and Securities Bureau if the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law, the corporation has failed to keep up its organization, or the corporation's term of existence has expired. M.C.R. 2.105(D).

Plaintiff has failed to make it appear by affidavit or otherwise that defendant Family Dollar Stores, Inc. has failed to plead or otherwise defend within 20 days *after being properly served* by plaintiff with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1), 55(a). Plaintiff has not shown that an officer, director, or authorized agent of Family

2

Dollar Store, Inc. has been served as required under Federal Rule of Civil Procedure 4(h)(1) or Michigan Court Rule 2.105(D).  At best, plaintiff has made it appear that a copy of the summons and complaint were delivered to a Family Dollar Store facility located at 23201 John R. Rd., Hazel Park, Michigan, 48030.   Such is insufficient as a matter of law to demonstrate Family Dollar Store, Inc. has been served with process consistent with the Federal Rules of Civil Procedure or Michigan Court Rules.

Where as here, if service of process is not accomplished within 120 days of the filing of the complaint, the court may dismiss the action without prejudice or extend the time for service for good cause.  Fed. R. Civ. P. 4(m).  The court finds good cause exists for extending the life of the instant summons through September 22, 2006 to provide plaintiff an additional opportunity to accomplish appropriate service upon defendant Family Dollar Stores, Inc..  Accordingly,

The time for service of the summons in this matter is hereby extended thorough September 22, 2006.  Plaintiff is hereby ORDERED TO SHOW CAUSE ON OR BEFORE SEPTEMBER 22, 2006, in a writing filed with the court not to exceed five pages, why this matter should not be dismissed for lack of prosecution.  Plaintiff may show cause as required under this Order by demonstrating that proper service has been accomplished upon defendant Family Dollar Stores, Inc..

SO ORDERED.

       s/George Caram Steeh
       GEORGE CARAM STEEH
       UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 5, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL L. JOYE,

       Plaintiff,

vs.

Case No. 06-CV-11929
HON. GEORGE CARAM STEEH

FAMILY DOLLAR STORES, INC.,

       Defendant.

_____/

<u>ORDER EXTENDING SUMMONS THROUGH SEPTEMBER 22, 2006</u>
<u>AND REQUIRING PLAINTIFF TO SHOW CAUSE BY SEPTEMBER 22, 2006</u>
<u>WHY THIS LAWSUIT SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION</u>

      Plaintiff Samuel Joye, appearing <u>pro</u> <u>per</u>, filed a four-page Complaint on April 25, 2006, alleging that defendant Family Dollar Stores, Inc. is liable for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and "the Whistleblowers Act," relative to Joye's employment and eventual discharge on November 10, 2003. Plaintiff's initial request for entry of default was denied on August 9, 2006 for failure to file a return of service. Plaintiff's second request for entry of default was denied on August 24, 2006 on plaintiff's failure to file proof of service in proper form. A "RETURN OF SERVICE" filed by plaintiff on August 24, 2006 indicates that a copy of the summons and complaint was delivered by certified mail to "Family Dollar Stores. Inc.," located at 23201 John R. Rd., Hazel Park, Michigan, 48030.

      The clerk is authorized to enter a defendant's default only when it is made to appear by affidavit or otherwise that the defendant has failed to plead or to otherwise defend as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). A defendant is required by the Federal Rules of Civil Procedure to plead or otherwise defend by filing and

serving an answer or motion to dismiss within 20 days after being served with the summons and complaint, unless service has been waived under Rule 4(d).  Fed. R. Civ. P. 12(a)(1).

To accomplish service, a summons and a copy of the complaint must be served by the plaintiff on the defendant.  Fed. R. Civ. P. 4(c)(1).  Service of process upon a corporation within this federal judicial district may be made pursuant to the Michigan Court Rules, or by delivering a summons and copy of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.  Fed. R. Civ. P. 4(h)(1).  Under the Michigan Court Rules, service of process on a corporation may be made by: serving a summons and copy of the complaint on an officer or the resident agent; serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and copy of the complaint by registered mail, addressed to the principal office of the corporation; serving a summons and copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business; or by sending a summons and copy of the complaint to the corporation or an appropriate corporate officer and to the Michigan Corporation and Securities Bureau if the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law, the corporation has failed to keep up its organization, or the corporation's term of existence has expired.  M.C.R. 2.105(D).

Plaintiff has failed to make it appear by affidavit or otherwise that defendant Family Dollar Stores, Inc. has failed to plead or otherwise defend within 20 days *after being properly served* by plaintiff with a summons and a copy of the complaint.  Fed. R. Civ. P. 4(c)(1), 55(a).  Plaintiff has not shown that an officer, director, or authorized agent of Family

Dollar Store, Inc. has been served as required under Federal Rule of Civil Procedure 4(h)(1) or Michigan Court Rule 2.105(D).  At best, plaintiff has made it appear that a copy of the summons and complaint were delivered to a Family Dollar Store facility located at 23201 John R. Rd., Hazel Park, Michigan, 48030.   Such is insufficient as a matter of law to demonstrate Family Dollar Store, Inc. has been served with process consistent with the Federal Rules of Civil Procedure or Michigan Court Rules.

Where as here, if service of process is not accomplished within 120 days of the filing of the complaint, the court may dismiss the action without prejudice or extend the time for service for good cause.  Fed. R. Civ. P. 4(m).  The court finds good cause exists for extending the life of the instant summons through September 22, 2006 to provide plaintiff an additional opportunity to accomplish appropriate service upon defendant Family Dollar Stores, Inc..  Accordingly,

The time for service of the summons in this matter is hereby extended thorough September 22, 2006.  Plaintiff is hereby ORDERED TO SHOW CAUSE ON OR BEFORE SEPTEMBER 22, 2006, in a writing filed with the court not to exceed five pages, why this matter should not be dismissed for lack of prosecution.  Plaintiff may show cause as required under this Order by demonstrating that proper service has been accomplished upon defendant Family Dollar Stores, Inc..

SO ORDERED.

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 5, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk