UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL L. JOYE,

       Plaintiff,

                                                      Case No. 06-CV-11929

vs.                                                   HON. GEORGE CARAM STEEH

FAMILY DOLLAR STORES, INC.,

       Defendant.

_____/

ORDER SETTING ASIDE ENTRY OF SEPTEMBER 21, 2006 DEFAULT
AS AGAINST DEFENDANT FAMILY DOLLAR STORES (#14)
AND DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE
AND FAILURE TO SHOW CAUSE
UNDER SEPTEMBER 5, 2006 SHOW CAUSE ORDER (#11)

On September 5, 2006, Samuel Joye, appearing pro per, was ordered to show cause by September 22, 2006 why his claims against Family Dollar Stores, Inc. ("FDS") should not be dismissed for lack of prosecution considering Joye's August 9, 2006 and August 24, 2006 requests for entry of default were denied for failure to show by affidavit or otherwise that FDS was properly served with a summons and copy of the complaint. The court extended the summons through September 22, 2006, and instructed Joye as to the Federal Rules of Civil Procedure regarding proper service upon a corporation:

> To accomplish service, a summons and a copy of the complaint must be served by the plaintiff on the defendant. Fed. R. Civ. P. 4(c)(1). Service of process upon a corporation within this federal judicial district may be made pursuant to the Michigan Court Rules, or by delivering a summons and copy of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. Fed. R. Civ. P. 4(h)(1). Under the Michigan Court Rules, service of process on a corporation may be made by: serving a summons and copy of the complaint on an officer or the

>resident agent; serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and copy of the complaint by registered mail, addressed to the principal office of the corporation; serving a summons and copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business; or by sending a summons and copy of the complaint to the corporation or an appropriate corporate officer and to the Michigan Corporation and Securities Bureau if the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law, the corporation has failed to keep up its organization, or the corporation's term of existence has expired.  M.C.R. 2.105(D).

September 5, 2006 Order, at 2.  The court allowed that Joye could show cause as ordered by demonstrating that proper service had been accomplished upon FDS by September 22, 2006.

On September 11, 2006, Joye filed a return of service representing that a copy of the summons and complaint were delivered by certified mail to the address of "Family Dollar Stores, Inc., 23201 John R. Rd., Hazel Park, Michigan, 48030" on July 5, 2006.  This return of service fails to demonstrate that the corporate defendant FDS has been properly served, as Joye was previously informed in the court's September 5, 2006 Order:

> Plaintiff has failed to make it appear by affidavit or otherwise that defendant Family Dollar Stores, Inc. has failed to plead or otherwise defend within 20 days *after being properly served* by plaintiff with a summons and a copy of the complaint.  Fed. R. Civ. P. 4(c)(1), 55(a).  Plaintiff has not shown that an officer, director, or authorized agent of Family Dollar Store, Inc. has been served as required under Federal Rule of Civil Procedure 4(h)(1) or Michigan Court Rule 2.105(D).  At best, plaintiff has made it appear that a copy of the summons and complaint were delivered to a Family Dollar Store facility located at 23201 John R. Rd., Hazel Park, Michigan, 48030.  Such is insufficient as a matter of law to demonstrate Family Dollar Store, Inc. has been served with process consistent with the Federal Rules of Civil Procedure or Michigan Court Rules.

September 5, 2006 Order, at 2-3.  FDS's default was erroneously entered by the clerk on September 21, 2006 as Joye has not shown that FDS has failed to plead or otherwise defend after being properly served with a summons and copy of the complaint.  Joye has

likewise failed to show cause why his claims should not be dismissed as he was ordered on September 5, 2006.  Accordingly,

Entry of corporate defendant FDS's default on September 21, 2006 is hereby SET ASIDE.  Plaintiff Samuel Joye's claims are hereby DISMISSED without prejudice for failure to prosecute and show cause under the court's September 5, 2006.

SO ORDERED.

Dated:  September 25, 2006

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 25, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk